## 1IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 17-4690** |
| | : | |
| **REGINALD A. KIRTZ** | : | |

## ORDER

**AND NOW**, this 5th day of February 2018, upon considering Plaintiff's Motion for default judgment for a sum certain (ECF Doc. No. 6) with affidavit, following today's noticed hearing and for good cause including Defendant does not offer a defense on default or amount owed, it is **ORDERED** Plaintiff's Motion for default judgment (ECF Doc. No. 6) is **GRANTED** and:

1.      **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF UNITED STATES OF AMERICA AND AGAINST DEFENDANT REGINALD A. KIRTZ** in the sum of **$165,183.09 plus interest at the rate of $16.82 per day from June 12, 2017** until today date of this Order, and thereafter with interest from today under 28 U.S.C. § 1961.

2.      The June 28, 2010 promissory note and mortgage between Plaintiff and Defendant (ECF Doc. No. 12-1) are **foreclosed** as to the property (not Defendant's principal residence) located at 469 Blaker Drive, East Greenville, PA 18041 ("Property") and under the National Housing Act, there is no right of redemption in the mortgagor or any other person.[1]

---

[1] 12 U.S.C. 1701(k); *United States v. Forest Glen Senior*, 278 F.Supp.343, 343 (D. Or. 1967).

3.      The Property shall be sold:

(a)      The United States Marshal for the Eastern District of Pennsylvania shall sell the Property for cash to the highest bidder at a public judicial sale under 28 U.S.C. § 2001 no later than **August 6, 2018**. Notice must be given once a week for four (4) consecutive weeks before the sale in both one newspaper regularly issued and of general circulation in Montgomery County, Pennsylvania and in the Montgomery County Law Reporter. To reduce the costs and expenses of the sale, Plaintiff may advertise a short description of the Property rather than a complete legal description.

(b)      Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the Property being struck down to the bidder. The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale if confirmed by the Court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of confirmation. If the highest bidder fails to settle, all their rights in the real estate shall cease and be completely void and the Property may be re-advertised and sold by the Marshal without further Order at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, they shall make good the same to the person thereby injured. The highest bidder shall take the Property subject to and is to pay all state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the Property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps. If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest

2

bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

(c)     Plaintiff, United States of America or its nominee is granted right of entry at reasonable times to the Property upon two (2) business days' notice for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the book, records and accounts, and other items, things and information necessary for the inspection, advertisement and sale of the Property.

(d)     Motion for Confirmation of the public sale shall be made by the Marshal or the Plaintiff to the Court within thirty (30) days following sale.

4.     Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution approved by our Order.

5.     Plaintiff shall be paid the amount adjudged due under the distribution of the proceeds of the sale.

6.     The Clerk of Court shall forthwith deliver a true copy of this Order to the United States Marshal.  Plaintiff shall mail this Order by certified mail, return receipt, to Mr. Kirtz at his principal residence no later than **February 12, 2018** and file a certificate of service no later than **February 14, 2018**.

7.     The Clerk of Court shall **CLOSE** this case for statistical purposes but we retain jurisdiction to enforce this Order.

**KEARNEY, J.**

3